IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No. 4:20-CR-126 |
| v. | § | Judge Jordan |
| | § | |
| MARIO RIGOBERTO ASCENCIO TEJADA | § | |

**PROTECTIVE ORDER**

Upon the application of the United States of America, with the consent of defense counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendant of documents, objects, and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (1) affects the privacy and confidentiality of individuals and entities; (2) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; and (3) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material or Sensitive Disclosure Material-Attorney/Investigator Eyes Only.** Some of the Government's disclosure material, referred to herein as "sensitive disclosure material," or "sensitive disclosure material-attorney/investigator eyes only," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as sensitive disclosure material or sensitive disclosure material-attorney/investigator eyes only will be controlling absent contrary order of the Court. The defense may contest the Government's designation as sensitive disclosure material or sensitive disclosure material-attorney/investigator eyes only and seek such an order from the Court.

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need for redaction. It will also afford the defense prompt access to those materials, generally in unredacted form, which will facilitate the preparation of the defense.

4. **Good Cause.** There is good cause for entry of the protective order set forth herein. **Accordingly, it is hereby Ordered:**

5. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be

used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material, sensitive disclosure material, sensitive disclosure material-attorney/investigator eyes only on any Internet site or network site to which persons other than the parties hereto have access and shall not disclose any disclosure material to the media or any third party except as set forth below.

6. Disclosure material that is not sensitive disclosure material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; or

(b) Prospective witnesses for purposes of defending this action.

7. Sensitive disclosure material shall be kept in the sole possession of counsel; shall not be reviewed or maintained by the defendant outside the presence of counsel[1] or personnel employed by or retained by counsel; shall not be copied or otherwise recorded by the defendant; and may be disclosed by counsel only to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action.

---

[1] In exchange for early access to the sensitive disclosure material, the defendant shall not be permitted to possess or have access to such sensitive disclosure material unless the defense counsel or personnel for whose conduct defense counsel is responsible are present.

8.  Sensitive disclosure material-attorney/investigator eyes only shall be kept in the sole possession of counsel; shall not be reviewed by or with, or maintained by the defendant;[2] shall not be copied or otherwise recorded by the defense team; and may be disclosed by counsel only to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action.

9. The Government may authorize, in writing, disclosure of disclosure material and sensitive disclosure material and sensitive disclosure material-attorney/investigator eyes only beyond that otherwise permitted by this Order without further Order of this Court.

10. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action.  However, sensitive disclosure material or sensitive disclosure material-attorney/investigator eyes only pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court.  All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

---

[2] Specifically, the defendant shall not have access to, either directly or indirectly, sensitive disclosure material-attorney/investigator eyes only.

## Disclosure and Protection of Seized ESI

11. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, from various social media accounts, cellphones, and other devices and storage media.

12. The Government is authorized to disclose to counsel for the defendant, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material").  The defendant, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

13. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

## Return or Destruction of Material

14. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or

the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case. This provision does not apply to any disclosure material or ESI that belongs to the defendant.

## Retention of Jurisdiction

15. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case. Additionally, either party may request the Court modify or terminate this Order at any time.